UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DOROTHEA JOHNSON,                          Case No. 3:13-cv-00731-AA

          Plaintiff,                       OPINION AND ORDER

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security,

          Defendant.
_____

Merrill Schneider
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

Nicole Jabaily
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
     Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action seeking judicial review of a final decision of the Commissioner denying her applications for supplemental security income benefits (SSI) under Title XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is affirmed.

## BACKGROUND

On January 6, 2010, plaintiff filed an application for SSI; it was denied initially and on reconsideration. Tr. 110-13, 118-19, 165-68. On July 7, 2011, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 41-77. On August 26, 2011, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 18-40. On March 14, 2013, the Appeals Council denied review, rendering the ALJ's decision as the final agency decision. Tr. 1-6. Plaintiff now seeks judicial review.

Plaintiff was twenty-eight years old at the time of the ALJ's decision, with a high school education, some college course work, and no past relevant work. Tr. 26, 32, 48. Plaintiff alleges disability since January 2005 due to various physical and mental limitations. Tr. 26, 317.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is

supported by substantial evidence in the record and the correct application of the law. Valentine v. Comm'r Soc. Sec. Admin, 574 F.2d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted). In determining whether substantial evidence supports the decision, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## COMMISSIONER'S DECISION

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 23; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had medically determinable impairments of morbid obesity, sleep apnea, depression, and anxiety. Tr. 23; 20 C.F.R. § 416.920(c). However,

3 - OPINION AND ORDER

at step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 23; 20 C.F.R. § 416.920(d).

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform light work with some exertional restrictions. Tr. 25. The ALJ also found that plaintiff could remember, understand, and carry out simple and detailed instructions or tasks, have brief contact with the public, interact appropriately with coworkers, and respond appropriately to supervision. Tr. 25; 20 C.F.R. § 416.920(e). Based on plaintiff's limited work history, the ALJ did not consider plaintiff's ability to perform past relevant work. Tr. 32; 20 C.F.R. § 416.920(f).

At step five, the ALJ found that plaintiff was capable of performing light and unskilled work as a garment sorter and retail marker. Tr. 32-33; 20 C.F.R. § 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 33.

## DISCUSSION

Plaintiff argues that in determining plaintiff's RFC, the ALJ failed to include the mental limitation of "simple one-to-two" steps tasks set forth by two non-examining state agency psychologists. Plaintiff emphasizes that the ALJ failed to do so, despite placing "great weight" on the opinions of the agency

4 - OPINION AND ORDER

psychologists and stating that their opinions were accepted. Tr. 29. Plaintiff maintains that this failure is not harmless because the limitations found by the agency psychologists, if accepted, render her unable to perform the jobs identified by the ALJ.

The state agency psychologists opined that plaintiff could perform "simple one-to-two step" tasks and was limited in her ability to do "more detailed" work. Tr. 29, 455, 693. Specifically, Frank Lahman, Ph.D., opined that plaintiff could "remember and carry out simple one to two step commands. However, evidence shows/suggests that the [claimant] has a more difficult time carrying out more detailed commands. Therefore, the [claimant] is limited to simple one to two step commands in the workplace." Tr. 455. Paul Rethinger, Ph.D. also opined that plaintiff was capable of understanding, remembering, and carrying out one-to-two step tasks, but that she was "incapable of understanding, remembering, and carrying out more detailed tasks." Tr. 693. Relying in part on these opinions, the ALJ found that plaintiff could "remember, understand, and carry out simple and detailed, but not complex, instructions or tasks typical of occupations with an SVP of one or two." Tr. 25. In find that the ALJ's interpretation of the medical record is reasonable and supported by the record.

Although the ALJ accepted the opinions of the state agency psychologists, she also referenced evidence in the record supportive of her RFC determination. Tr. 24, 31-32. For example,

5 - OPINION AND ORDER

during a psychological assessment, plaintiff was able to perform mental math "very well," was not distractible, and exhibited "good" task persistence. Tr. 24, 438. An examining psychologist also noted that plaintiff could do "simple and repetitive work type tasks" and was "likely capable of performing more difficult and complex tasks as well although her anxiety and mood issues might interfere with her ability to do that on a full-time basis." Tr. 31, 676. Further, the ALJ noted plaintiff's aunt reported that plaintiff "has no problem following spoken or written instructions" or "paying attention." Tr. 24, 32, 192, 287. In 2010, plaintiff herself reported that she was not limited in her ability to follow written or spoken instructions. Tr. 303.

Given this evidence of record, the ALJ's interpretation of the medical opinions and her finding that plaintiff can carry out simple and detailed tasks are reasonable. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173-74 (9th Cir. 2008) (finding the ALJ's assessment of "simple, routine, repetitive sedentary work" to be a sufficient translation of the medical evidence); Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). Thus, the ALJ's RFC determination is supported by substantial evidence in the record and must be upheld.

6 - OPINION AND ORDER

Consequently, substantial evidence supports the ALJ's finding that plaintiff could perform simple, unskilled jobs such as garment sorter and retail marker. See DOT 222.687-014, 209.587-034.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this ⸮⸮ day of May, 2014.

Ann Aiken
United States District Judge

7 - OPINION AND ORDER